**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
DARYL E. MARTIN, ESQ.
Nevada Bar No. 006735
7440 W. Sahara Ave.
Las Vegas, NV 89117
(702) 255-1718
*Attorneys for Defendant*
*Employee Painters Trust*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JORGE NAVAR,<br><br>    Plaintiff,<br><br>vs.<br><br>PAINTERS TRUST HEALTH & WELFARE PLAN; ZENITH ADMINISTRATORS; MEDIC WEST AMBULANCE; SUNRISE HOSPITAL; LAB CONSULTANTS; SOUTHWEST EMERGENCY SERVICES; STEFFEN CHOCK, M.D.; WILLIAM S. MUIR, M.D.; NECK AND BACK CLINIC; PRIMARY CARE CONSULTANTS; DISCOCARE; JAN McLEAN, D.C.; RADIOLOGY SPECIALISTS; DOES I through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br><br><br><br><br>**NOTICE OF REMOVAL**<br>of State Court Case<br>A-09-597116-C (E.J.D.C. Dept. 6) |

To:    The Honorable Judges of the United States District Court for the District of Nevada:

Defendant EMPLOYEE PAINTERS TRUST ("EPT") also known as "Painters Trust Health & Welfare Plan," acting through its fiduciaries and through its attorneys, Christensen James & Martin, does hereby give notice of its desire to exercise its rights under the provisions of Title 28 U.S.C. §§ 1331, *et seq.*, and does hereby remove this action from the Eight Judicial District of Clark County, Nevada, in which said action is now pending under Case No. A 597116, to the United States District Court for the District of Nevada, and for grounds in support hereof, while reserving the right to challenge the sufficiency of service of Process and to assert all procedural and substantive

challenges, states as follows:

1. Case No. A 597116 was filed on August 13, 2009. Defendant first EPT learned of the case on or about Sept. 1, 2009, the date on which Zenith Administrators, the third-party administrator of the EPT, received copies of the Summons and the Complaint.

2. This Petition is timely filed pursuant to the 30 day requirement of 28 U.S.C. § 1446(b). So far as the EPT knows, Exhibit "A" attached hereto constitutes a true and correct copy of all the Process and court pleadings filed in the state court action to date.

3. In connection with each of its causes of action Plaintiff has averred as follows, at paragraph 24 his Complaint:

> Defendants, and each of them, have made demands upon Plaintiff NAVAR for the payment of the sum due pursuant to the liens and bills; however, Plaintiff NAVAR has not paid such sums because Defendants claim more under their respective liens, medical bills, and attorney's fees and costs that what is available to Plaintiff NAVAR to pay each Defendant.

4. This Case is removable to the District Courts of the United States pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), under which United States District Courts "…have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's claims against the EPT relate to monies owed by Plaintiff to the EPT, a Taft-Hartley Employee Benefit Trust Fund whose affairs are governed by the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 et seq.] ("ERISA"). Said claims require the interpretation of the EPT's ERISA Plan Document, which presents a federal question under § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)(B)(ii)] which authorizes Plans like the EPT "to obtain...appropriate equitable relief...to enforce...the terms of the plan." See *Manufacturers Life Ins. Co. v. East Bay Restaurant and Tavern Retirement*, 57 F.Supp.2d 921 (N.D.Cal.,1999) (ERISA plan regulation is exclusively a federal concern); and see *Parker v. Ross*, 147 F.Supp.2d 1376 (M.D. Ga.

2001) (granting summary judgment to ERISA Plan pursuant to the terms of its Plan Document in a case that was removed from state court).  Though Plaintiff's claims against the EPT may be the only claims that present a federal question, it is proper for this, the United States District Court, to determine all issues presented in this case. See 28 U.S.C. § 1441.

Dated this 4th day of September, 2009.

Christensen James & Martin

By:   */s/ Daryl E. Martin*
     Daryl E. Martin, Esq.
     Nevada Bar No. 006735
     7440 W. Sahara Ave.
     Las Vegas, Nevada 89117
     *Attorneys for Petitioner/Defendant*
     *Employee Painters Trust*

# Exhibit "A"

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| JORGE NAVAR, | ) | Case No. |
| | ) | Dept. No. |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| PAINTERS TRUST HEALTH & WELFARE PLAN | ) | |
| ZENITH ADMINISTRATORS; MEDIC WEST | ) | |
| AMBULANCE; SUNRISE HOSPITAL; | ) | SUMMONS |
| LAB CONSULTANTS; SOUTHWEST EMERGENCY | ) | |
| SERVICES; STEFEN CHOCK, M.D.; | ) | |
| WILLIAM S. MUIR, M.D.; NECK AND BACK | ) | |
| CLINIC; PRIMARY CARE CONSULTANTS; | ) | EXEMPT FROM |
| DISCOCARE; IAN MC LEAN, D.C.; RADIOLOGY | ) | ARBITRATION |
| SPECIALISTS; DOES 1 through 10, inclusive; | ) | |
| ROE CORPORATIONS 1 through 10, inclusive, | ) | |
| | ) | A-09-597116-C |
| Defendant. | ) | V1 |

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANTS: A civil Complaint has been filed by the Plaintiff against you for relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

   b. Serve a copy of your response upon the party (your spouse) whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demand in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

_____
JOSEPH A. SCALIA, ESQ.,
State Bar No: 005123
845 No. Eastern Avenue
Las Vegas, Nevada 89101
(702) 678-6000

Edward A. Friedland
Clerk of the Court
AUG 13 2009
By: DEPUTY CLERK   DATE
200 S. Third St.,
Las Vegas, Nevada 89101

*Phone: 702.678.6000 Fax: 702.471.7087*
*845 N. Eastern Ave, Las Vegas, NV 89101*

```
01  COMP
    JOSEPH A. SCALIA, ESQ.,
02  Nevada Bar No. 5123
    Attorney at Law
03  845 North Eastern Avenue
    Las Vegas, Nevada 89101
04  Attorney for Plaintiff
```





# DISTRICT COURT

## CLARK COUNTY NEVADA

| | |
|---|---|
| JORGE NAVAR, | Case No. |
| | Dept. No. |
| Plaintiff, | |
| vs. | A-09-597114-C |
| | VI |
| PAINTERS TRUST HEALTH & WELFARE PLAN; ZENITH ADMINISTRATORS; MEDIC WEST AMBULANCE; SUNRISE HOSPITAL; LAB CONSULTANTS; SOUTHWEST EMERGENCY SERVICES; STEFEN CHOCK, M.D.; WILLIAM S. MUIR, M.D.; NECK AND BACK CLINIC; PRIMARY CARE CONSULTANTS; DISCOCARE; IAN MC LEAN, D.C.; RADIOLOGY SPECIALISTS; DOES 1 through 10, inclusive; ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendant. | |

## COMPLAINT IN INTERPLEADER

COMES NOW, the Plaintiff, JORGE NAVAR, by and through his attorney, JOSEPH A. SCALIA, ESQ., and for causes of action against PAINTERS TRUST HEALTH & WELFARE PLAN; ZENITH ADMINISTRATORS; MEDIC WEST AMBULANCE; SUNRISE HOSPITAL; LAB MEDICINE CONSULTANTS; SOUTHWEST EMERGENCY SERVICES; STEFEN

CHOCK, M.D.; WILLIAM S. MUIR, M.D.; NECK AND BACK CLINIC; PRIMARY CARE CONSULTANTS; DISCOCARE; IAN MC LEAN, D.C.; and RADIOLOGY SPECIALISTS; DOES 1 through 10, inclusive; and ROE CORPORATIONS 1 through 10, inclusive, and files this Complaint for Interpleader pursuant to Nevada Rules of Civil Procedure 22 and <u>Michel v. Eighth Judicial District Court</u> ex rel. County of Clark, 117 Nev. 145, 17 P 3d 1003 (2001) and alleges as follows:

I

## PARTIES

1. At all times relevant herein, Plaintiff, JORGE NAVAR, was a resident of Clark County, State of Nevada.

2. Upon information and belief, at all times alleged herein, Defendant, Painters Trust Health & Welfare Plan, located at 111 West Cataldo St., Suite 110, Spokane, Washington, 99201, at all times mentioned were doing business in the State of Washington.

3. Upon information and belief, at all times alleged herein, Defendants, Zenith Administrators, located at Suite 220, White Flag Building, 104 South Freya, Spokane, Washington, at all times mentioned were doing business in the State of Washington.

4. Upon information and belief, at all times alleged herein, Defendant, Medic West Ambulance, located at Box 3429, Modesto, California, 95353, at all times mentioned were doing business in the State of California and the State of Nevada.

5. Upon information and belief, at all times alleged herein, Defendant, Sunrise Hospital located at 3186 Maryland Parkway, Las Vegas, Nevada 89107, at all times mentioned was doing business in the State of Nevada.

6. Upon information and belief, at all times alleged herein, Defendant, Lab Medicine Consultants, located at Box 98601, Las Vegas, Nevada 89193, at all times mentioned was doing business in the State of Nevada.

7. Upon information and belief, at all times alleged herein, Defendants, Southwest Emergency Services located at Box 70360, Las Vegas, Nevada 89170, and Stefen Chock, M.D., located at the same address, at all times mentioned were doing business in the State of Nevada.

8. Upon information and belief, at all times alleged herein, Defendant, William S. Muir, M.D., located at 1711 East Desert Inn Road, Las Vegas, Nevada 89169, at all times mentioned was doing business in the State of Nevada;

9. Upon information and belief, at all times alleged herein, Defendant, Neck and Back Clinics, 3603 North Las Vegas Blvd., #108, Las Vegas, Nevada 89115, at all times mentioned was doing business in the State of Nevada;

10. Upon information and belief, at all times alleged herein, Defendant, Primary Care Consultants, 3603 North Las Vegas Blvd., #110, Las Vegas, Nevada 89115, at all times mentioned was doing business in the State of Nevada;

11. Upon information and belief, at all times alleged herein, Defendant, Ian Mc Lean, located at Box 4672 Davenport, IA 52808, at all times mentioned was doing business in the State of Nevada and the State of Iowa.

12. Upon information and belief, at all times alleged herein, Defendant, Disco Care located at 7500 Rialto Blvd., Bldg. 2, Suite 100, Austin, Texas 78735, at

all times mentioned was doing business in the State of Nevada and the State of Texas;

13. Upon information and belief, at all times alleged herein, Defendant, Radiology Specialists, located at 4101 Wagon Trail Ave., Las Vegas, Nevada 89118, at all times mentioned was doing business in the State of Nevada.

14. That the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOE individuals I through X, and ROE entities I through X, are unknown to Interpleader, who, therefore, sues said Defendants by such fictitious names. Interpleader is informed, believes, and thereon alleges that each of the Defendants designated herein as DOE individuals or ROE entities may have an interest in the outcome of this Complaint in Interpleader. Interpleader will ask leave of Court to amend this Complaint to insert the true names and capacities of said DOE and ROE Defendants when Interpleader has ascertained same, together with the appropriate charging allegations, and to join such Defendants in this action.

II

FACTUAL ALLEGATIONS

15. Plaintiff repeats and alleges paragraphs 1 through 14 above as though fully set forth herein.

16. On or about March 8, 2008, Plaintiff, JORGE NAVAR, sustained personal injuries in a motor vehicle accident.

17. Plaintiff, NAVAR, retained the Law Office of Joseph A. Scalia, on or about April 2, 2008.

18. That on or about November 7, 2008, by and through his counsel, Plaintiff NAVAR, issued a settlement demand to the adverse vehicle's insured, Allstate

Insurance Company for the policy limits of $15,000.00, along with a demand against the Plaintiff's Underinsured Motorist Provision of his Allstate Insurance Company for the policy limits of $15,000.00 along with the Medical Pay Provision of the same policy in the amount of $5,000.00, for payment of medical bills, property damage and pain and suffering.

19. That on or about April 15, 2009, Plaintiff, NAVAR, received and accepted a settlement from Allstate Insurance Company under Plaintiff's Underinsured Motorist policy in the amount of $15,000.00 and the Medical Pay Provision of the same policy in the amount of $5,000.00.

20. That the $15,000.00 policy limits is to be paid by Allstate Insurance Company from the tortfeasor's policy.

21. The total amount of $20,000.00 has been received by Plaintiff and another $15,000.00 has been accepted for a total of $35,000.00.

22. The checks in the amount of $20,000.00 have been duly endorsed and said funds were deposited in the trust account of Joseph A. Scalia, Esq. The funds are presently in the trust account and no remaining funds have been removed from the account with respect to the settlement of Plaintiff NAVAR.

23. The Trust Account of Joseph A. Scalia, Esq., was and is a financial repository required by state law to be maintained as to all monies held for the benefit and/or recovered for the clients of Joseph A. Scalia, Esq..

24. Defendants, and each of them, have made demands upon Plaintiff NAVAR for the payment of the sum due pursuant to their liens and bills; however, Plaintiff NAVAR has not paid such sums because Defendants claim more under their respective liens, medical bills, and attorney's fees and costs than what is available to Plaintiff NAVAR to pay each Defendant.

25. Plaintiff is uncertain as to who is entitled to the settlement proceeds.

III

## CLAIMS FOR RELIEF - INTERPLEADER

26. Plaintiff repeats and alleges paragraphs 1 through 24 above as though fully set forth herein.

27. Plaintiff NAVAR's combined damages are in excess of the settlement received from insurance proceeds.

28. Defendants are all persons or business entities who claim entitlement to the settlements as a result of the above alleged accident and who have asserted claims against the amount interplead.

29. The combined claims made by all of the Defendants exceed $36,500.00 (THIRTY SIX THOUSAND FIVE HUNDRED DOLLARS).

30. Plaintiff NAVAR is not in the position to determine the fair distribution of the available proceeds;

31. Plaintiff has incurred attorney's fees and costs as a result of these pleadings.

WHEREFORE, Plaintiff JORGE NAVAR, requests that the Court adjudge:

1. That any and all of Defendants are restrained from instituting or further prosecuting any actions against Plaintiff or any other party hereto for the recovery of any amounts of the settlement proceeds;

2. That the Defendants be required to interplead and settle between themselves the rights to any of the settlement proceeds, and that Plaintiff be discharged from all liability, except to the persons whom the Court shall adjudge entitled to the amount of settlement proceeds; and

3. That Plaintiff recovers her attorney's fees and costs herein.

DATED this ____6th____ day of August, 2009

LAW OFFICES OF JOSEPH A. SCALIA

_____
JOSEPH A. SCALIA, ESQ.,
Nevada Bar No. 5123
Attorney at Law
845 North Eastern Avenue
Las Vegas, Nevada 89101
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I am readily familiar with the practices of Christensen James & Martin ("Firm"). On the date of filing of the foregoing papers with the Clerk of Court the firm caused a true and correct file-stamped copy of the NOTICE OF REMOVAL to be served in the following manner:

☐ <u>ELECTRONIC SERVICE:</u>    Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court, and by direct email generated by my office, sent to _____.

☒ <u>UNITED STATES MAIL:</u>    By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

> Joseph A. Scalia, Esq.
> 845 No. Eastern Avenue
> Las Vegas, Nevada 89101

☐ <u>OVERNIGHT COURIER:</u>    By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ <u>FACSIMILE:</u> By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

> CHRISTENSEN JAMES & MARTIN
> By:  */s/ Daryl E. Martin*